No. 6865.

STATE EX REL. JULIA A. VENTRISS VS. THE PARISH JUDGE OF IBERVILLE PARISH.

A mandamus will issue to compel the judge of a lower court to grant an appeal from any interlocutory decree of the court which works an irreparable injury to the party praying for the appeal.

APPLICATION for a mandamus.

*Barrow & Pope* for the relator.

Respondent for himself.

The opinion of the court was delivered by

MANNING, C. J. A partition had been ordered in a suit in the parish court of Iberville, wherein the relator is plaintiff and the heirs of J. N. Brown are defendants, and the parties were referred to a notary to proceed therewith. After forming the active and passive masses of the succession, and stating the manner of partition by shewing the sums due to and from each, Isaac D. Brown, one of the parties, presented written objections and asked that they be referred to the court for decision, which the notary refused to do, considering them not material. Thereupon the objector obtained from the judge an order directing the notary to suspend further proceedings in the partition until his objections could be heard and determined by the court, and the relator then demanded that the notary should proceed with the partition, but the notary refused to proceed further, and returned his proces verbal in obedience to the mandate of the judge.

The plaintiff in the partition suit (relator here) then moved the court to homologate the partition as set forth in the proces verbal of the notary. The judge refused to permit her to file the motion, and ordered that the filing which had been made of the proces verbal be stricken therefrom, and the proces verbal be returned to the notary. The relator then prayed an appeal from the orders then made,

State ex rel. Ventriss vs. Parish Judge of Iberville Parish.

one of which was a refusal of the prayer for citation to the heirs defend-ants to shew cause why the partition should not be homologated. It was refused. The relator then applied for a mandamus, which being granted, the judge filed his answer, and it is now before us.

The cause is in this anomalous condition. The notary can not pro-ceed to the completion of the partition, because the judge has ordered him to stop until he can hear and pass on certain objections made thereto. The judge can not hear and pass upon these objections, because he has ordered the proces verbal and the objections to be taken out of his court and returned to the notary.

Obviously there is a dead lock in the partition suit, and if the pro-ceedings remain in *statu quo*, there never can be any thing more done towards effecting the purpose for which the suit was brought. Herein lies the irreparable injury to the relator.

The judge grounded his order to send back the proces verbal on the assumption that the notary had acted in contempt of his order not to proceed further in the partition until the objections could be heard. He acted on a misconception which would have been corrected by read-ing the proces verbal of the notary. That officer desisted when he was ordered to desist, but it appears the plaintiff thought he had gone far enough in the partition, before the order to desist was made, to make it sufficiently complete for homologation, since she did move for such homologation.

The only way to disentangle the suit is to grant the appeal. There-fore

It is ordered and decreed that the mandamus heretofore granted be made peremptory, and the prohibition be maintained at the respond-ent's costs.